United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Linda F. Simmons,<br><br>　　　　　　　　　　　　　Debtor. | Bankruptcy No. 16-01677 |
| Nicor Gas,<br>　　　　　　　　　　　　　Plaintiff<br>　　　　v.<br>Linda F. Simmons,<br>　　　　　　　　　　　　　Defendant. | Chapter 7<br><br>Adversary No. 16-00061 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON NICOR GAS'S COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(4)

Plaintiff Nicor Gas commenced this adversary proceeding against the debtor in bankruptcy, Linda F. Simmons, to determine the dischargeability of a debt. Nicor Gas's complaint alleged that, after Simmons's gas service was shut off for non-payment and her meter removed, she diverted gas into her apartment by running a straight pipe into the old gas line to restore gas service into her unit. Nicor Gas sought a determination that the amount assessed by it to be owed for unauthorized gas usage by the Defendant was nondischargeable as a debt for larceny pursuant to 11 U.S.C. § 523(a)(4). In her Answer, Defendant, pro se, denied tampering with the gas line, knowing of the alleged gas diversion or using any gas after service was terminated.

Trial was held over half a day on July 26, 2016. At the close of the evidence, parties having rested, the Court's findings of fact and conclusions of law will now be made and entered. For reasons discussed below, the evidence at trial did not establish that the Defendant owes a nondischargeable debt for larceny. Judgment will therefore be separately entered in favor of the Defendant.

### FINDINGS OF FACT

Plaintiff, Nicor Gas, is a creditor of Debtor, and a provider of natural gas and related energy services, having its principal place of business located at 1844 Ferry Road, Naperville, IL.

Defendant, Linda F. Simmons is an Illinois resident. Simmons opened an account with Nicor Gas for the property located at 635 Bellwood Ave, Apt. 1W, Bellwood, IL, where she then resided. Simmons failed to pay for gas service and as a result, gas service was terminated. Simmons last made a payment on her account on March 18, 2008. (*See* Pl.'s Trial Ex. 1, at 1.)

On May 17, 2011, Nicor Gas's employees removed the original meter serving Simmons's unit—a meter located in the basement of her apartment building—and installed a curb valve to cap the gas line. (*Id.* at 2.)

On November 25, 2015, Nicor Gas's employees inspected service to Simmons's unit and reported a gas diversion from the old gas line to Simmons's apartment unit without a meter. Nicor Gas's employees then removed a straight pipe that had been connected to the old gas line and capped it for safety. (*See id.* at 3–5; Pl.'s Trial Ex. 2.)

On December 10, 2015, Nicor Gas billed Simmons an additional $4,623.14 to Simmons's account for estimated gas diversion during the period from July 18, 2011 to November 25, 2015 and related charges. (*See* Pl.'s Trial Ex. 1 at 6; Pl.'s Trial Ex. 3.)

On January 19, 2016, Simmons filed a petition for relief under Chapter 7 of the Bankruptcy Code. At the time of filing, Simmons continued to reside at 635 Bellwood Ave, Apt. 1W, Bellwood, IL.

On January 27, 2016, Nicor Gas filed its complaint in this proceeding against Simmons to determine the dischargeability of the $4,623.14 debt. It seeks a judgment that such debt arose out of a larceny.

Simmons, pro se, filed an Answer on June 17, 2016, where she admitted that she lived in the apartment unit listed on her account with the Plaintiff during the relevant period described in the complaint, but denied having tampered with the gas line after the meter was removed in May of 2011, or having used any gas during the period after gas service was terminated on or about that date.

In her Answer and at trial, Simmons explained that she was a 60 year old woman suffering from chronic respiratory disorders and other medical conditions who resided with her son, and denied having gone to the basement or running a straight pipe into the old gas

2

line to restore service to her apartment. She denied knowing of the gas diversion or having used any gas after service was terminated. At trial, Simmons testified that she had not used any gas since service had been terminated in May of 2011, and had used electric heaters to keep warm during the winter. She also testified that she was unaware of whether her son or someone else had been responsible for tampering with the gas line after service had been terminated in 2011.

Nicor Gas's witness, who testified from company records introduced as trial exhibits, acknowledged that the company had no measure of how much gas was diverted and the amount billed was based on estimated gas usage for the period in question using a formula commonly used to make such estimates using records of gas used during earlier periods. However, no such calculation was introduced and the person who made the calculation was not brought in to testify.

## CONCLUSIONS OF LAW

Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The complaint here alleges only larceny. For purposes of § 523(a)(4), larceny is proven if persons wrongfully took property from the rightful owner with fraudulent intent to convert such property to their own use without the owner's consent. *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991). Larceny requires "a showing of felonious intent at the time of the taking." *Iwaszczenko v. Neale (In re Neale)*, 440 B.R. 510, 520 (Bankr. W.D. Wis. 2010). "Intent may properly be inferred from the totality of the circumstances and the conduct of the person accused." *Rose*, 934 F.2d at 904.

In this case, Nicor Gas has not proven that Simmons stole gas in the amount estimated or any other amount. Due to the bypass, there was the physical possibility that some gas was taken after service was terminated and the gas meter removed because a bypass was installed. However, no evidence that gas was used in Simmons's apartment was presented, and she has testified that she did not use any gas after service was terminated. There is no evidence of gas fixtures in her apartment or other testimony showing that gas was in fact used and thereby stolen during the relevant period, let alone in the amount

estimated by Nicor Gas. Simmons has not paid for gas since 2008, almost three years before the meter was removed, and Plaintiff did not show by preponderance of evidence of gas usage by her after the meter was removed and service was terminated in 2011.

Nicor Gas charged an additional $4,623.14 to Simmons's account for estimated gas diversion during the period from July 18, 2011 to November 25, 2015 and related charges after it found evidence of tampering with the old gas line to divert gas into Simmons's unit. It has every right to treat any tampering as serious due to the danger that can result from such actions. Nevertheless, to prove larceny for purposes of § 523(a)(4), it is required to show that its property was stolen. It has failed to do so by preponderance of the evidence in this case.

Plaintiff has cited authority for the proposition that, once it proves that a theft has taken place through unlawful diversion and use of gas stolen by someone, it need not compute the amount of gas stolen by mathematical precision. To determine liability it may calculate based on historical data. But here there was lacking both proof of larceny and proof of a proper calculation.

For these reasons, Nicor Gas has failed to show that the debt owed to it by Simmons is nondischargeable under 11 U.S.C. § 523(a)(4) for larceny. Judgment will therefore be separately entered in favor of the Defendant.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 4th day of August, 2016

AUG - 4 2016